# United States District Court
# District of Massachusetts

|  |  |
|---|---|
| **NINA SCOTT,**<br>  Plaintiff<br><br>vs.<br><br>**ASSOCIATED CREDIT SERVICES, INC.,**<br>  Defendant | **CIVIL ACTION**<br>No. 12-40005-TSH |

### MEMORANDUM AND ORDER ON
### MOTIONS TO DISMISS AND STRIKE
### October 10, 2012

**HILLMAN, D.J.**

### Background

    This is an action principally under the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692-1692p ("the FDCPA"), with additional supplemental claims under Massachusetts state law. This matter arises from a series of debt collection activities undertaken by Associated Credit Services, Inc. ("ACS" or "Defendant") and directed at Nina Scott ("Ms. Scott" or "Plaintiff"), from June to September of 2011. Ms. Scott alleges that ACS knew or should have known that her debts to UMASS Medical Center ("UMass") had been consolidated into two separate payment plans and were current and that ACS's continued activities therefore constituted a violation of both the FDCPA and state law. ACS denies these claims, alleging that it was within its rights to rely on information regarding the account status it received from UMass, and that in

any event its actions do not constitute harassment, or unfair, or misleading conduct within the meaning of the FDCPA.

Defendant moves to dismiss all claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6). *Motion of Defendant Associated Credit Services, Inc. to Dismiss* (Docket No. 5). Plaintiff has filed a motion to strike all extrinsic evidence submitted with Defendant's motion to dismiss. *Plaintiff's Motion to Strike* (Docket No. 10). For the reasons set forth below, the Rule 12(b)(1) motion to dismiss is denied. The Plaintiff's motion to strike is denied as moot.

## Discussion

### *Defendant's Rule 12(b)(1) Motion to Dismiss*

ACS argues that Plaintiff's action should be dismissed for lack of jurisdiction because its pre-trial settlement offer of $5,000 renders the dispute moot. Additionally, Defendant argues that a pre-trial offer that fully satisfies a plaintiff's demands can render further proceedings moot by negating the existence of any real controversy. *See Rand v. Monsanto Co,.* 926 F.2d 596, 598 (7th Cir. 1991)(once defendant offers to satisfy plaintiff's entire demand, there is no dispute over which to litigate); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987)(existence of money stakes is not enough to keep case alive if underlying question has been settled or does not involve litigants).

The presence of a live controversy between the litigating parties is a prerequisite for federal litigation, which continues through every stage of the litigation. *Connectu, LLC v. Zuckerberg*, 522 F.3d 82, 88 (1st Cir. 2008); *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir.2001). However, Defendant's argument fails because the authority upon which it relies is

2

distinguishable from this case. Specifically, in those Seventh Circuit cases cited by Defendant, there was no dispute as to what monetary offer would 'fully satisfy' the plaintiff's demands, either because both parties had agreed to a settlement amount or because the plaintiff's counsel had stated the full extent of plaintiff's demands in response to interrogatories. *See Rand*, 926 F.2d at 598; *Alliance*, 820 F.2d at 878. Such is not the case here. The FDCPA provides for damages in the amount of (1) the actual damages suffered by the plaintiff, and (2) where the plaintiff is an individual rather than a class, additional damages as determined by the court but not to exceed $1,000. 15 U. S. C. § 1692k(a)(1-2). Attorney's fees and court costs can also be recovered in a successful action. *Id.* § 1692k(a)(3). Defendant may well be correct in its belief that its settlement offer is more than Plaintiff is likely to recover after a trial, but is nevertheless incorrect to assert that the Plaintiff could not possibly recover more than $5,000 because the extent of Plaintiff's actual damages has been neither stipulated by the parties nor determined by a fact-finder. In the absence of an undisputed valuation of plaintiff's full remedy, and so long as Plaintiff's claim is well-pleaded, Defendant cannot preclude future litigation by making an offer that it unilaterally asserts to fully satisfy the Plaintiff's demand. *See Alliance*, 820 F.2d at 878. Defendant's motion to dismiss for lack of jurisdiction under Rule 12(b)(1) is, therefore, denied.

### *Defendant's Rule 12(b)(6) Motion to Dismiss*

Defendant also brings a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of this motion, Defendant has filed a memorandum, nineteen exhibits[1], and two factual affidavits, one by a financial officer from UMass and one from the president of ACS. Plaintiff moves to strike the affidavits and exhibits on the grounds that the Court cannot consider extrinsic evidence when deciding a motion under

---

[1] The exhibits are attached to the Affidavit of attorney John J. O'Connor (Docket No. 7); Attorney O'Connor certifies as the truth and accuracy of the exhibits.

Rule 12(b)(6). *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Defendant responds by pointing to the established, though narrow, exception to this doctrine: that extrinsic documents may be considered with Rule 12(b)(6) motions where their authenticity is not in dispute, such as when an extrinsic document is referenced in a pleading. *Alternative*, 267 F.3d at 33; *Watterson*, 987 F.2d at 3. Given that there is a more fundamental problem with ASC's filing, it is not necessary for the Court to resolve this issue.

Defendant filed its Rule 12(b)(6) motion simultaneously with filing its Answer. Rule 12 requires that such a motion be filed *before* the defendant files its answer— once the answer is filed, the defendant must file a motion for judgment on the pleadings in accordance with Rule 12(c). *See* Fed.R.Civ.P. 12 (b). Since its motion does not comport with the rule[2], the Court is not inclined to overlook what is admittedly a technical violation, especially since neither of the parties has addressed the proper standard for deciding a motion for judgment on the pleadings.

Defendant argues that its motion to dismiss could alternatively be converted into a motion for summary judgment as set forth in Fed. R. Civ. P. 12(b). *See Alternative*, 267 F.3d at 33; *Watterson*, 987 F.2d at 3. Under Rule 12(b), if such materials are not excluded and are not otherwise permissible for consideration, then "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). A preliminary review of the documents submitted along with Defendant's motion to strike suggests that this case may well be appropriate for summary judgment. However, on this muddled record, it makes more sense to move forward with a clean slate. Therefore, I am

---

[2] By Defendant's own assessment, the factual affidavits and six of the nineteen exhibits submitted with its motion would be extrinsic evidence not properly considered by the Court in ruling on a Rule 12(b)(6) motion to dismiss.

denying Defendant's motion to dismiss. Defendant may re-file its motion as a motion for judgment on the pleadings *in accordance with Rule 12(c)*, or as a motion for summary judgment. Defendant should do so no later than November 2, 2012.

One additional matter brought before this court concerns Defendant's failure to comply with LR, D. Mass, 7.1(a)(2), which requires parties to confer with each other in a good faith attempt to narrow or resolve issues prior to filing motions with the court. Plaintiff's counsel alleges that Defendant's counsel failed to contact him prior to filing a Rule 12(b)(6) motion to dismiss, a claim Plaintiff supports by affidavit. Such a failure to confer would constitute a violation of LR 7.1(a)(2), for which this Court may impose sanctions. However, the Court does not find that sanctions are appropriate at this time. In the future, Defendant should be aware of this Court's Local Rules and comply accordingly.[3]

## Conclusion

For the foregoing reasons,

1. Motion of Defendant Associated Credit Services, Inc. to Dismiss (Docket No. 5) is ***denied***.

2. Plaintiff's Motion to Strike (Docket No. 10) is ***denied*** as moot.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[3] Defendant need not confer with Plaintiff prior to filing the motion for judgment on the pleadings or for summary judgment as contemplated by this Memorandum and Order.